**FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation aka Seal 1; Fidelity Express Network, Inc., a California corporation aka Seal 2, Plaintiffs–Appellees,**

v.

**Colin H. FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, aka Seal B; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, aka Seal C; Farid Meshkatai, an individual, aka Seal D; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987, aka Seal E; Lorraine Ross, as trustee of the Friedman Insurance Trust, aka Seal G, erroneously sued as Laraine Ross; Space Planners LLC, an Arizona limited liability company, aka Seal H, dba Closets by Design; Executive–Wordwide Inc., a California corporation, aka Seal L, Defendants,**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and

Steven Spector, trustee of Kramer Family Trust, Friedman Insurance Trust, Negev Trust, Brendon Friedman Trust, Jason Friedman Trust, Elan Yosef Meshkatai Irrevocable Trust; Arinna Meshkatai Irrevocable Trust, Anna & Noach Kramer Insurance Irrevocable Trust, Aries Trust, aka Seal F; Azura International LLC, an Arizona limited liability company, aka Seal I; Wordwide Network, Inc., a California corporation, aka Seal J; Kze Attorney Service, Inc., a California corporation aka Seal M; Worldwide Reprographics, Inc., a California corporation dba Simplex Reprographics, aka Seal N; Medhi Ektefaie, an individual aks Seal O; Necessary Holdings, Inc., a California corporation, Defendants–Appellants.

Fidelity National Financial, Inc., a Delaware corporation aka Seal 1; Fidelity Express Network, Inc., a California corporation aka Seal 2, Plaintiffs–Appellees,

v.

Colin H. Friedman, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, aka Seal B; Hedy Kramer Friedman, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, aka Seal C; Farid Meshkatai, an individual, aka Seal D; Anita Kramer Meshkatai, individually and as trustee of the Anita Kramer Living Trust, dated July 23, 1987, aka Seal E; Lorraine Ross, as trustee of the Friedman Insurance Trust, aka Seal G, erroneously sued as Laraine Ross; Space Planners LLC, an Arizona limited liability company, aka Seal H, dba Closets by Design; Executive Legal Network, Defendants–Appellants,

and

Steven Spector, trustee of Kramer Family Trust, Friedman Insurance Trust, Negev Trust, Brendon Friedman Trust, Jason Friedman Trust, Elan Yosef Meshkatai Irrevocable Trust; Arinna Meshkatai Irrevocable Trust, Anna & Noach Kramer Insurance Irrevocable Trust, Aries Trust, aka Seal F; Azura International LLC, an Arizona limited liability company, aka Seal I; Wordwide Network, Inc., a California corporation, aka Seal J; Executive–Wordwide Inc., a California corporation, aka Seal L; Kze Attorney Service, Inc., a California corporation aka Seal M; Worldwide Reprographics, Inc., a California corporation dba Simplex Reprographics, aka Seal N; Medhi Ektefaie, an individual aks Seal O; Necessary Holdings, Inc., a California corporation, Defendants.

Nos. 07–55163, 07–55175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Aug. 20, 2007.

Janice M. Kroll, Esq., Thomas H. Case, Esq., Marina Del Rey, CA, for Plaintiffs–Appellees.

Allen Hyman, Esq., Law Offices of Allen Hyman, North Hollywood, CA, Hillel Chodos, Esq., Los Angeles, CA, for Defendants.

Before: D.W. NELSON, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Fidelity National Financial ("Fidelity") filed suit in district court against Colin Friedman, Steven Spector, and numerous other defendants (collectively "Defendants"). The district court granted Fidelity's request for a preliminary injunction prohibiting the depletion of Defendants' assets during the pendency of the suit. Defendants brought this interlocutory appeal, and we affirm.

We review a district court's decision regarding a preliminary injunction for an abuse of discretion. *Price v. City of Stockton,* 390 F.3d 1105, 1109 (9th Cir.2004) (per curiam). Notwithstanding Defendants' protestations, the district court did not abuse its discretion.

First, the district court applied the correct legal standard. To obtain an injunction, Fidelity was required to show "either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) (citation omitted). In deciding to grant the injunction, the district court set forth the appropriate legal test and discussed extensively the facts relevant to the injunction determination. Based on these facts, the court concluded that Fidelity "raised a serious question as to whether judgment debtors fraudulently concealed assets" and that the hardships tipped in Fidelity's favor.

Second, it did not rely on clearly erroneous factual findings. The factual record before the district court provided more

than sufficient basis upon which to conclude a preliminary injunction was warranted, and we are not "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Third, the preliminary injunction does not conflict with *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). Fidelity seeks, in part, equitable relief. We have recognized that *Grupo Mexicano* is limited to cases in which a plaintiff seeks only money damages. *In re Focus Media, Inc.,* 387 F.3d 1077, 1085 (9th Cir.2004). Therefore, *Grupo Mexicano* does not apply.

Finally, the court did not err in issuing the preliminary injunction without requiring Fidelity to post a bond because Defendants did not request a bond until after the injunction issued. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003).[1]

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We also deny all of Defendants' requests for judicial notice. The document referred to in

the April 11, 2007 request is already part of the record in this case, and judicial notice is unnecessary. The March 29, 2007 and August 1, 2007 requests refer to documents that are not relevant to this appeal.